LOUIS KADISON et al., respondents,

*v.*

LILLIAN HORTON et al., appellants.

[Argued February 5th, 1948.    Decided May 13th, 1948.]

On appeal from an order of the Court of Chancery, in which court the following opinion was filed:

"There are two motions to strike the bill of complaint. The first seeks to have the bill stricken as to all of the defendants upon the ground that the charges of fraud set forth in the bill of complaint are not supported by an allegation of the facts which form the basis for the charge of fraud. The other motion seeks to have the bill stricken as to the defendant Myer B. Horton upon the ground that the bill fails to allege that Myer B. Horton has or claims to have any interest in the controversy and no relief against him is sought.

"The bill of complaint charges that the complainants are the executors of and trustees under the last will and testa- ment of Israel Koretzky, who died a resident of New Jersey on January 7th, 1946, and whose will was admitted to pro-

bate on February 6th, 1946. The beneficiaries under the will are Anne Barash, Lillian Horton and Jeanette Pollak, the daughters, and Jacob Koretzky, his son.

"The said beneficiaries under the will, together with Myer B. Horton, husband of Lillian Horton, Abraham I. Barash, husband of Anne Barash, and Bright Star Warehouse Company, a corporation, are the defendants to this action.

"At the time of his death, Israel Koretzky was the owner of ten shares of the capital stock of Bright Star Warehouse Company, a New Jersey corporation. These ten shares of stock, it is alleged, were the only shares of stock of that company issued and outstanding.

"By his will the decedent directed that six of the ten shares of stock of Bright Star Warehouse Company should be held in trust, by the complainants, for the benefit of his son Jacob Koretzky. The remaining shares were given to his daughters, Anne Barash, Lillian Horton and Jeanette Pollak, in equal shares.

"The bill of complaint then proceeds to charge that, at the time of the death of Israel Koretzky, the certificates representing the said ten shares of stock of the Bright Star Warehouse Company were not turned over to the complainants, as executors and trustees under Koretzky's will. Instead, the stock certificates were held in a safe in the office of the warehouse company, which safe was under the control of the defendants and to which they, alone, had access. When the certificates were finally turned over to the complainants each certificate had the word 'void' written across its face. At the same time, complainants obtained access to the stock certificate book of the warehouse company and discovered that certificates for 24 shares of the capital stock of the warehouse company, antedated to July 24th, 1943, had been issued. Certificates for six shares each were issued in the names of Anne Barash, Lillian Horton, Jeanette Pollak and Jacob Koretzky. These certificates bear the signatures of Myer B. Horton, as vice-president and Abraham I. Barash, as secretary and treasurer of the warehouse company.

"The bill of complaint alleges that the certificates of stock were issued by the defendants without consideration and with-

out authorization from the company and its board of directors. And it is similarly charged that the original certificates for ten shares were voided without authority.

"It is further alleged that the defendants, by these acts, sought to wrest control of the warehouse company from the complainants and thus prevent the complainants from carrying out the provisions of the will of Israel Koretzky, deceased. The defendant Anne Barash disclaims any ownership of, or interest in, the certificates of stock alleged to be spurious. She claims only such interest as was willed to her by her father. Abraham Barash, whose name appears on the certificates of stock dated July 24th, 1943, is claimed to have denied having signed these certificates.

"It is well settled that since fraud is a conclusion of law, it may not be charged in general terms. The pleadings must state the facts which are relied on as constituting the fraud. *Davis* v. *Davis, 55 N. J. Eq. 37.* Examining the bill of complaint in the light of the above rule, I am of the opinion that sufficient facts are pleaded which, if proven at the hearing, would fully support the charge of fraud, and for the purposes of a motion to strike these facts must be considered as admitted. The defendants are apprised of the facts which they will be required to meet.

"The defendant Horton is alleged to have been an active participant in the fraud. If that fraud is proven at the hearing, and Horton's participation is established, it might very well be that a judgment or decree against him, under the general prayer for relief, would follow. The court's power to render such a judgment in an appropriate case cannot be questioned. *Bullock* v. *Adam's Executors, 20 N. J. Eq. 367; Malone* v. *Romano, 95 N. J. Eq. 291.*

"I will advise an order denying the motions to strike the bill of complaint."

*Messrs. Bilder, Bilder & Kaufman (Mr. Samuel Kaufman,* of counsel), for the appellants.

*Messrs. Gross & Gross (Mr. Thomas McNulty* and *Mr. Benjamin Gross,* of counsel), for the respondents.

PER CURIAM.

The order appealed from is affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Grimshaw.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.

*For reversal*—None.